SARAH E. TABER *vs.* MARCUS M. WILCOX.

Bristol.    October 23. — 30, 1883.    FIELD & W. ALLEN, JJ., absent.

Under the forty-first rule of the Superior Court, it is within the discretion of that court, to the exercise of which no exception lies, to order a judgment rendered at a former term to be recorded, upon the petition of the prevailing party; and the fact that partial payments have been made since the recovery of the judgment will not take the case out of the operation of the rule.

PETITION to the Superior Court, filed at December term, 1882, alleging that, in 1876, the petitioner brought an action against the respondent upon a promissory note for $500, and recovered judgment thereon at March term, 1878, of said court, but neglected to file with the clerk the papers necessary to enable him to make up and enter the judgment within the time prescribed by the rules; and praying that the judgment might be recorded, so that she might avail herself of the benefit thereof.

At the hearing, before *Bacon, J.,* it was admitted that the respondent had paid $200 or $300 to the petitioner's attorney since the judgment was ordered; that the attorney had had possession of the note, but not during all of the time the payments were made; that during part of the time it was in the possession of the petitioner or her attorney; and that no payments had ever been indorsed on the note.

The petitioner contended that she should have judgment entered as of the former term; and the respondent contended that the judgment should not be recorded, and that this petition should be dismissed.

The judge allowed the petition; and the respondent alleged exceptions.

*E. L. Barney*, for the respondent.

*W. C. Parker*, for the petitioner.

MORTON, C. J. The forty-first rule of the Superior Court provides that, if the prevailing party in a suit at law shall not within six months after judgment is ordered file the papers and documents necessary to enable the clerk to make up and enter the judgment and complete the record of the case, the judgment shall not afterwards be recorded unless, upon petition to the court and notice to the adverse party, the court shall order it to be recorded; and that "the judgment, when so recorded, shall be, and be considered, in all respects, as a judgment of the term in which it was originally awarded." It is within the discretion of the Superior Court to order a judgment to be recorded in a case which falls within the rule, and no exception lies to the exercise of this discretion.

The fact that partial payments have been made since the judgment was awarded does not take this case out of the operation of the rule. The judgment which is to be recorded is the judgment which was awarded at the former term, and, when recorded, is to be considered as in all respects a judgment of that term. It must be a judgment for the amount of the note sued upon, due at that time. There is no hardship upon the defendant, because any payments made since would operate as payments upon the judgment. No execution can issue, and such payments would be a defence *pro tanto* to a suit or a *scire facias* brought upon the judgment. *Exceptions overruled.*